Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSUÉ J. RAMOS PAGÁN<br><br>RECURRIDO<br><br>V.<br><br>WESTERN AUTO OF PUERTO RICO, INC. HNC ADVANCE AUTO PARTS<br><br>RECURRENTE | KLRA202400489 | *Revisión Judicial* procedente del Departamento de Asuntos Del Consumidor<br><br>Querella Núm. SAN-2023-0016634<br><br>Sobre: Ley 5 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 17 de octubre de 2024.

## I.

Western Auto of Puerto Rico, Inc. H/N/C Advance Auto Parts (Advance Auto o recurrente) comparece ante nos mediante *Recurso de Revisión de Decisión Administrativa*, presentado el 3 de septiembre de 2024, solicitó que revoquemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACO) el 31 de julio de 2024, notificada a las partes el 2 de agosto de 2024.[1] El recurrente sostuvo que se le violentó su debido proceso de ley al no ser notificado de la *querella* presentada por Josué J. Ramos Pagán (señor Ramos Pagán o recurrido) ante el Departamento de Asuntos del Consumidor (DACO). A raíz de lo antes mencionado, este alegó que la *Resolución* fue dictada sin jurisdicción y contraria a las a las garantías mínimas constitucionales. Consecuentemente, no procedían los remedios concedidos en favor del señor Ramos Pagán.

---

[1] Apéndice del recurso de Revisión, Anejo 1, págs. 1-5.

El 5 de septiembre de 2024, emitimos una *Resolución*, ordenando al recurrido presentar su *alegato en oposición*, teniendo hasta el 3 de octubre de 2024.

El 25 de septiembre de 2024 el recurrido radicó la *Oposición a la apelación*. En síntesis, este adujo que DACO cumplió en notificar al recurrente sobre la *querella* presentada en su contra y la celebración de la vista administrativa. Además, argumentó varios asuntos sustantivos del caso y procedimiento ante el DACO.

En vista de la controversia trabada, el 27 de septiembre de 2024 emitimos una *Resolución*, solicitando a DACO, que certifique si en efecto se realizó la notificación de *querella* y señalamiento de vista administrativa a Advance Auto.

El 1 de octubre de 2024, Advance Auto radicó ante esta curia *Breve Réplica a alegato del recurrido*. A modo de compendio, el recurrente indicó que el señor Ramos Pagán carecía de legitimación activa para iniciar la presente causa de acción por no ser parte en el contrato, reclamando alegada falta de parte indispensable.

En cumplimiento con la *Resolución* emitida, DACO radicó el 3 de octubre de 2024, *Moción en cumplimiento de Resolución de 27 de septiembre de 2024*. En la misma, DACO nos certificó que le notificó a Advance Auto sobre la presentación de la *querella* en su contra a la dirección postal provista por el recurrente ante el Registro de Corporaciones de Puerto Rico. Posteriormente, DACO le notificó al recurrente sobre la vista administrativa utilizando la misma dirección postal antes descrita. Acompañó evidencia de las notificaciones a la recurrente.

Simultáneamente, DACO presentó *Alegato del Departamento de Asuntos del Consumidor*. En síntesis, adujo que cumplió con el debido proceso de ley al notificarle a Advance Auto sobre el proceso iniciado en su contra. Además, anejo evidencia de las debidas

notificaciones y argumentó que cumplió con el debido proceso de ley.

Contando con el beneficio de las posiciones de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a este caso.

**II.**

El caso de marras tuvo su génesis el 4 de octubre de 2023, con la presentación de la *querella* por el señor Ramos Pagán ante DACO.[2] Tras varios incidentes procesales, se emitió la determinación de la agencia. En virtud de la *Resolución* emitida por DACO el 31 de julio de 2024, surge que se celebró una vista administrativa el 8 de abril de 2024 en la que compareció por derecho propio el señor Ramos Pagán.[3] Asimismo, DACO indicó que el recurrente fue debidamente notificado el 21 de febrero de 2024. Empero, Advance Auto no compareció y consecuentemente, se le anotó rebeldía.[4] Tras evaluar la prueba en la vista celebrada, DACO formuló las siguientes determinaciones de hecho:

1. El día 28 de junio de 2023 la parte querellante contacto al querellado, Western Auto of Puerto Rico, Inc. Hnc Advance Auto Parts., para la adquisición de un motor para su hija un Ford Escape del 2013.
2. El querellante entablo comunicación con la vendedora y le ofrecieron un motor de un Ford Escape del 2013 que tenía 27 mil millas a $2,285.75 con ivu.
3. Este motor le pareció estupendo al querellante pues no tenía mucho millaje y el precio fue adecuado.
4. El querellante aceptó la oferta y pago ese día la cantidad acordada de $2,285.75. por el motor, se coordinó con el querellado para que se lo entregaran al mecánico donde repararía su auto.
5. El mecánico cobró $1,232.00 por la labor de instalación de motor.
6. Cuando el mecánico le entregó los documentos de las piezas para propósitos de facturación y garantía es que el querellante se percata de que el motor que le entregaron al mecánico no es el que había comprado.
7. El motor entregado fue uno del año 2014 con unas 102, 765 millas de uso.

---

[2] *Íd.* Anejo 1, pág. 3.
[3] *Íd.* Anejo 1, pág. 2.
[4] *Íd.*

8. El querellante reclamó al querellado el 5 de agosto de 2023 y nunca obtuvo respuestas.
9. El querellante reclamó la devolución de su dinero y el querellado se niega a responder.
10. El 4 de octubre de 2023, la parte querellante presentó querella en el Departamento donde alegó que el motor comprado no le sirve para sus propósitos pues la intención es tener un motor de poco millaje y no lo hubiese comprado si hubiera sabido que tenía tanto millaje.
11. El querellante se sintió engañado por la vendedora y la compañía y solicitó la resolución de contrato, devolución de su dinero más los costos del mecánico.

A tenor con las determinaciones de hecho, DACO resolvió que el motor vendido era inservible por ser contraria a la causa de la compra. Así las cosas, DACO determinó que procedía la devolución del dinero pagado por el motor al efectuarse la reclamación dentro del término de seis (6) meses a partir de la compra del motor.[5] Asimismo, ordenó que, a partir de la notificación de la *Resolución*, Advance Auto tenía que devolver el dinero pagado por la compra del motor ($2,285.75), pagar los gastos de labor ($1,232.00) y quinientos dólares ($500.00) como penalidad por el recurrente actuar de forma temeraria.[6] Además, DACO le advirtió al recurrente que de incumplir con la *Orden* administrativa, estaría sujeta a la imposición de una multa administrativa de hasta diez mil dólares ($10,000.00) y se tomaría acción legal para el cobro.

Inconforme con tal determinación, Advance Auto compareció ante este foro e imputó a la agencia los siguientes errores,

> Erró el DACO al no haber notificado la presentación de la *Querella* administrativa ni la citación a la vista administrativa en violación a las garantías constitucionales que prohíben que una persona sea privada de su propiedad sin un debido proceso de ley.

> Erró el DACO al emitir una *Resolución* sin jurisdicción para ello por falta de parte indispensable.

> Erró el DACO al conceder remedios en contravención a la ley.

En síntesis, Advance Auto enfatizó que de la *Resolución* no surge como fue realizada la notificación a este. En esa línea, el

---

[5] *Íd.* Anejo 1, pág. 4.

recurrente arguyó que las agencias administrativas, en su función adjudicativa se les ha extendido cumplir con las garantías del debido proceso de ley. A raíz de lo antes expuesto, este alegó que DACO incumplió con el requisito indispensable de notificación para que sea válido el procedimiento administrativo. Por ende, solicitó que revoquemos y declaremos nula la *Resolución* en controversia.

En otros términos, Advance Auto arguyó que el contrato se perfeccionó entre este y Mickey Auto Repair, no con el recurrido.[7] Por tanto, Mickey Auto Repair era una parte indispensable y la reclamación no podía ser resuelta sin la comparecencia de este. Por ende, Advance Auto reclamó que le correspondía a Mickey Auto Repair haber iniciado la reclamación en contra de este.

Por último, Advance Auto arguyó que DACO no podía conceder daños al señor Ramos Pagán por no ser parte en el contrato. Así pues, sostuvo que solo las partes contratantes pueden reclamar remedios en daños y perjuicios. Además, DACO no debía imponerle la sanción económica referente a la temeridad del recurrente por carecer de prueba.

El 25 de septiembre de 2024 el recurrido radicó la *Oposición a la apelación*. A modo de sinopsis, este señaló que DACO envió todos los documentos y notificaciones relacionadas a la *querella* a la dirección provista por el recurrente en el Registro de Corporaciones. Además, alegó que su mecánico no fue quien realizó la compra del motor y por error de la parte recurrente es que surge el nombre de este en el recibo de compra. En esa línea, el señor Ramos Pagán clarificó que adquirió el motor a través de una vendedora de Advance Auto que fue la que preparó la factura.

Por otro lado, el recurrido alegó, que Advance Auto le entregó un motor que no poseía las mismas cualidades al descrito en el

---

[7] *Íd.* Anejo 2, pág. 6.

recibo de compra. Ante tal incongruencia, el recurrido procedió en reclamarle a la vendedora, que realizó los trámites de la compra, pero no recibió respuesta alguna. Posteriormente, radicó la *querella* ante DACO a causa de la inacción por parte de Advance Auto.

El 3 de octubre de 2024, DACO radicó ante nos *Moción en cumplimiento de Resolución de 27 de septiembre de 2024*. En la referida *Moción*, DACO **nos acreditó** la debida notificación realizada al recurrente en atención a la *querella* presentada en contra de este. Asimismo, también le notificó la celebración de la vista administrativa.

Simultáneamente, DACO presentó *Alegato del Departamento de Asuntos del Consumidor*. En el mismo argumentó que cumplió en notificarle a Advance Auto sobre la *querella* radicada en su contra conforme la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 38 de 2017, según enmendada, 3 LPRA sec. 9601, *et.seq.* Le notificó sobre la celebración de la vista administrativa y las consecuencias de no comparecer a la misma. Según DACO, estos le notificaron al recurrente a la dirección postal que surge en el Registro de Corporaciones. Así las cosas, DACO concluyó que, estos cumplieron cabalmente con garantizarle a Advance Auto su debido proceso de ley, pero este no compareció.

**III.**

**A.**

La Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico establece que, ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes. Art II, Sec. 7, **Const. ELA** [Const. PR], LPRA, Tomo 1. El debido proceso de ley es el derecho que tiene toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo. ***Aut. Puertos***

**v. HEO**, 186 DPR 417, 428 (2012). Se han reconocido varias garantías constitucionales como lo es: la notificación oportuna y adecuada; el derecho a ser oído; derecho a confrontarse con un testigo; derecho a presentar prueba oral y escrita y a un adjudicador imparcial. **Henríquez** v. **Consejo Educación Superior**, 120 DPR 194, 202 (1987). Ahora bien, las agencias administrativas tienen autoridad para ejercer una función adjudicativa por lo que se les ha exigido cumplir con las garantías mínimas del debido proceso de ley. **Báez Díaz** v. **ELA**, 179 DPR 605, 623. Entre esas garantías esta que la decisión sea adjudicada a base del expediente, la notificación sea oportuna, presentación de evidencia y a un juicio justo e imparcial. **Vendrell López v. AEE**, 199 DPR 352, 360 (2017).

La LPAU establece en la sección 3.1, que:

> En todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos:
> (A) Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte.
> (B) Derecho a presentar evidencia.
> (C) Derecho a una adjudicación imparcial.
> (D) Derecho a que la decisión sea basada en el expediente.

*Íd.* 3 LPRA sec. 9641.

Dicha sección exige que se le notifique sobre la querella a todos los querellados. J. Echevarría Vargas, *Procedimientos Adjudicativos en el Departamento de Asuntos del Consumidor (DACO)*, 1era.ed. rev., San Juan, Ed. Situm, 2024, pág. 63. En la notificación de la querella se debe informar a las partes que tendrán derecho a comparecer mediante representación legal a cualquier vista que señale la agencia y a cualquier audiencia que solicite la comparecencia de todas las personas citadas bajo apercibimiento. Echevarría Vargas, *op.cit.* pág. 63.

Es menester señalar que, en el derecho administrativo la notificación es un requisito indispensable para la validez del procedimiento administrativo en todas sus etapas. **Mun. San Juan v. Plaza Las Américas**, 169 DPR 310, 329 (2006). El derecho a ser

oído va de la mano con el derecho a ser notificado. *Mun. San Juan v*. *Plaza Las Américas*, *supra*, pág. 329. Una notificación oportuna es aquella que se distingue por ser real y efectiva y de acuerdo con los preceptos legales estatutarios. *Río Const. Corp*. v. *Mun. de Caguas*, 155 DPR 394, 412 (2001). Una notificación se entenderá eficaz en la medida en que se haya hecho por lo que debe enviarse a la dirección correcta. *Vendrell López v. AEE*, *supra*, pág. 361 (2017). En aras de salvaguardar el debido proceso de ley una parte demandante debe asegurarse de tener la dirección correcta de la parte contraria con tal de no ser privada ante tal derecho. *Vendrell López v. AEE*, *supra*, pág. 362. Ante una controversia sobre si la notificación fue adecuada, el tribunal tiene que cerciorarse de que la misma fue enviada a la dirección correspondiente. *Vendrell López v. AEE*, *supra*, pág. 366. La notificación por parte de una agencia relacionada a una determinación administrativa, que ha sido devuelta al el correo postal por no ser reclamada por la parte destinataria, será considerada válida solo si: "(1) se logra demostrar que la parte remitente realizó esfuerzos razonables para notificar el documento en cuestión y, además, (2) se acredita que el documento fue enviado a la "dirección correcta", es decir, a la cual, según el mejor entendimiento de la parte remitente, el destinatario recibe otras comunicaciones." *Vendrell López v. AEE*, *supra*, pág. 366.

**B.**

Los organismos administrativos merecen la mayor deferencia posible de los tribunales. *Otero v. Toyota*, 163 DPR 716, 727 (2005). Tal deferencia se apoya en que las agencias administrativas tienen conocimiento experto y la experiencia especializada de los asuntos que le son encomendados. *Otero v. Toyota*, *supra*, pág. 728. Un principio establecido es que las determinaciones de las agencias administrativas tienen una presunción de legalidad y corrección en la que no deben intervenir los tribunales. *Rebollo v.*

*Yiyi Motors*, 161 DPR 69, 78 (2004). Ejercitando un criterio de razonabilidad y deferencia, los tribunales no deben intervenir o alterar las determinaciones de hecho realizadas por una agencia si están sostenidas por evidencia sustancial que surge del expediente. *Otero v. Toyota*, *supra*, pág. 728. El máximo foro judicial ha definido evidencia sustancial como aquella "que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota*, *supra*, pág. 728. La parte que impugne una determinación de hecho de una agencia debe convencer al foro apelativo que la determinación no fue basada en evidencia sustancial. *Otero v. Toyota*, *supra*, pág. 728. Para rebatir la determinación que cuestiona, debe demostrar que existe otra evidencia en el expediente que reduzca el valor probatorio. *Otero v. Toyota*, *supra*, pág. 728. Si la parte no demuestra en la revisión judicial otra evidencia sustancial que sostenga la determinación de la agencia, entonces no se alterará la determinación de la agencia. *Otero v. Toyota*, *supra*, pág. 728. Las determinaciones de hecho de las agencias tienen a su favor una "presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas." *Henríquez v. Consejo Educación Superior*, 120 DPR 194, 210 (1987). Podemos decir que la deferencia reconocida a la decisión de una agencia administrativa cede en las circunstancias siguientes: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. Si el tribunal no se encuentra ante alguna de estas situaciones, aunque exista más de una interpretación razonable de los hechos, debe sostener la que seleccionó la agencia encargada. *Otero v. Toyota*, 163 DPR 716, 730 (2005). Al ejercer la función revisora, el tribunal está obligado a considerar la especialización y experiencia de la agencia sobre las

cuestiones que tuvo ante sí. ***Rebollo v. Yiyi Motors***, 161 DPR 69, 78 (2004). Por otro lado, las determinaciones de derecho, el tribunal tiene amplia autonomía para revisarlas en todos sus aspectos. ***Rebollo v. Yiyi Motors***, *supra*, pág. 77.

## C.

Según la teoría general de los contratos, las obligaciones nacen de la ley, los contratos, cuasicontratos y actos y omisiones que intervenga la culpa o negligencia. ***Demeter Int'l v. Srio Hacienda***, 199 DPR 706, 726 (2018). Un contrato será válido cuando concurran los tres requisitos esenciales que son: objeto, consentimiento y causa. ***Demeter Int'l v. Srio Hacienda***, *supra*, pág. 727. Una vez concurren los requisitos, las partes quedan obligadas al cumplimiento de los términos y condiciones, pues las obligaciones que tienen su génesis de los contratos tienen fuerza de ley. ***Demeter Int'l v. Srio Hacienda***, *supra*, pág. 727. La nulidad contractual ocurre cuando las partes pactan términos y condiciones que son prohibidas por ley. ***Rosario Rosado v. Pagán Santiago***, 196 DPR 180, 188 (2016). De igual modo, el contrato puede ser nulo si carece de alguno de los requisitos esenciales en un contrato, entiéndase objeto, consentimiento y causa. ***Rosario Rosado v. Pagán Santiago***, *supra*, pág. 189. Por su parte el artículo 346 del Código Civil 2020, 31 LPRA sec. 6316, establece que, la determinación de invalidez de un negocio jurídico **obliga a las partes a restituir, con sus frutos y productos, lo recibido en virtud del negocio jurídico.**

## IV.

En el caso de marras, DACO emitió una *Resolución* el cual determinó que Advance Auto incumplió su relación contractual con el señor Ramos Pagán al entregarle un motor con características distintas al comprado. Ante tal incumplimiento, DACO le ordenó al recurrente que indemnizara al señor Ramos Pagán mediante la

devolución del dinero pagado por el motor, intereses por temeridad y el costo de la labor mecánica.

En desacuerdo, la parte recurrente arguyó que DACO incumplió con el debido proceso de ley por no notificarle sobre la *querella* radicada en contra de este y la celebración de la vista administrativa. Además que, ante su ausencia como parte indispensable adujo que la *Resolución* es nula de su faz. Por ende, no procedía los remedios concedidos al no perfeccionarse el contrato entre el señor Ramos Pagán y Advance Auto.

Por estar relacionados los señalamientos de error, procederemos a discutirlos en conjunto.

Adviértase que DACO, presentó evidencia que concluye que cumplió en notificarle a Advance Auto la *querella* presentada en su contra y la celebración de la vista administrativa. A su vez, estos enviaron la notificación a la dirección postal provista por el recurrente ante el Registro de Corporaciones. A tenor con lo anterior, DACO no le violó a Advance Auto su debido proceso de ley. Al contrario, cumplió cabalmente con todas las notificaciones del trámite ante sí. Así las cosas, el recurrente no compareció ante DACO por lo que este renunció a estar presente en la vista administrativa. En esa línea, DACO le notificó a Advance Auto sobre la reclamación en su contra al ser una parte indispensable en el procedimiento adjudicativo. Sin embargo, ante la falta de comparecencia de Advance Auto y siendo debidamente advertido, DACO procedió con la continuación de los trámites ulteriores y le anotó rebeldía. Por lo que la parte recurrente renunció a presentar ante la agencia las defensas y argumentos que entendió le favorecían. Al no comparecer ante el DACO, a pesar de haber sido notificada, renunció a sus posibles argumentos.

No obstante, la resolución recurrida resuelve que…"El motor vendido [y] no le sirve al querellante para los propósitos que

motivaron el negocio".[8] No obstante <u>nada</u> dispuso la agencia sobre lo que ocurriría con el motor que se le entregó al recurrido.

A tenor con la norma jurídica aplicable procede que se devuelva dicho motor a Advance Auto.

Las agencias administrativas poseen amplio conocimiento especializado en los asuntos que le son encomendados. Nosotros debemos abstenernos en intervenir en las determinaciones de las agencias y otorgarles la deferencia que estas merecen. Solo en estamos autorizados a intervenir en las determinaciones de las agencias en las siguientes circunstancias: 1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. En esta ocasión, intervendremos en la determinación de DACO a los únicos efectos de que se devuelvan las contraprestaciones entre las partes. DACO fue quien tuvo ante su consideración la prueba para determinar los remedios a otorgarse, basándose en su conocimiento especializado. Resolvemos que se cumplió con el debido proceso de ley y el DACO actuó con jurisdicción en el caso. No obstante, nada resolvió en relación a la devolución del motor que le entregaron al recurrido.

Por los fundamentos antes expuestos, procede modificar la *Resolución* recurrida a los efectos de ordenar al señor Ramos Pagán la devolución del motor que le fue entregado.

### V.

Por los fundamentos pormenorizados, se *modifica* la *Resolución* del DACO y así modificada se confirma.

---

[8] *Íd.*, Anejo 1, pág.4.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones